```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ANSELMO IOELE,                                              :
                                                            :
                                Plaintiff,                  :
                                                            :       18-CV-10904 (VSB)
                - against -                                 :
                                                            :         **OPINION & ORDER**
                                                            :
CITY OF NEW YORK,                                           :
                                                            :
                                Defendant.                  :
                                                            :
------------------------------------------------------------X
```

Appearances:

Anselmo Ioele
Franklin Sq., NY
*Proceeding pro se*

Nicholas Benjamin Green
New York City Law Department
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

    Before me is Defendant's motion to dismiss Plaintiff's Second Amended Complaint. (Doc. 15.) Because Plaintiff failed to timely file his federal claim, Defendant's motion to dismiss is GRANTED.

## I. Factual and Procedural Background[1]

The pro se Plaintiff Anselmo Ioele ("Plaintiff") filed the Complaint in this action on November 20, 2018. (Doc. 1.) After Defendant the City of New York ("Defendant" or the "City") moved to dismiss the Complaint on March 29, 2019, (Doc. 10), Plaintiff filed the Second Amended Complaint on May 1, 2019, (Doc. 12). Plaintiff's Second Amended Complaint alleges that Defendant failed to provide him with a reasonable testing accommodation in violation of the Americans With Disabilities Act ("ADA"), the New York City Human Rights Law ("NYCHR"), and the New York State Human Rights Law ("NYSHR"). On June 12, 2019, Defendant moved to dismiss the Second Amended Complaint. (Doc. 15.)

Prior to filing his case, on December 7, 2015, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Doc. 1, at 10.) The EEOC sent Plaintiff a Notice of Right to Sue dated August 13, 2018, (Doc. 1, at 9), and Plaintiff states that he received the Notice of Right to Sue on August 20, 2018, (Doc. 1, at 6).

## II. Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] The facts set forth in this section are derived from Plaintiff's Complaint and its accompanying exhibits, (Doc. 1), as well as Plaintiff's amended complaint, which is titled "Second Amended Complaint," (Doc. 12). I note that Plaintiff did not file a document entitled first amended complaint. I assume the allegations set forth in Plaintiff's Complaint, its accompanying exhibits, and the Second Amended Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Voltaire v. Westchester Cty. Dep't of Soc. Servs.*, No. 11-CV-8876 (CS), 2016 WL 4540837, at *3 (S.D.N.Y. Aug. 29, 2016) ("[A] court is permitted to consider factual allegations in *pro se* plaintiffs' preceding complaints in order to supplement those in amended complaints."). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

*Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 230 (2d Cir. 2016) (internal quotations and citation omitted). A court "may also consider matters of which judicial notice may be taken" in ruling on a motion to dismiss. *Staehr v. Hartford Fin. Servs. Grp., Inc*., 547 F.3d 406, 425 (2d Cir. 2008). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305,

310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

## III. Discussion

### A. *Federal ADA Claim*

Defendant moves to dismiss Plaintiff's ADA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's Complaint was not filed in a timely manner.

The ADA requires that a claim be filed in federal court within ninety (90) days of the plaintiff's receipt of a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 12117(a) (adopting, for the ADA, the ninety (90)-day limitations period set forth in Title VII, 42 U.S.C. § 2000e–5(f)(1))). "While the 90-day rule is not a jurisdictional predicate, in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (internal quotations omitted); *see also Celestine v. Cold Crest Care Center*, 495 F. Supp. 2d 428, 432 (S.D.N.Y. 2007) (holding that although the ninety-day period is subject to extension for equitable reasons, "the statutory limits imposed by Congress are not to be taken lightly."). "The ninety (90)-day limitation period imposed by the ADA 'is not merely a suggestion; it is a statutorily-imposed requirement necessitating strict adherence, subject only to very narrow exceptions.'" *Cohn v. KeySpan Corp.*, 713 F. Supp. 2d 143, 155–56 (E.D.N.Y. 2010) (quoting *Celestine*, 495 F. Supp. 2d at 432); *Toner v. Suffolk County Water Authority,* 220 F.R.D. 20, 21

(E.D.N.Y. 2004) (stating that the ninety (90)-day limitation period is a strict one). Where a plaintiff's complaint alleges a specific date on which he received a Notice of Right to Sue, the Court should accept the statement as true when determining on a motion to dismiss whether a complaint is timely filed within the 90-day limitations period. *See Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013) ("[T]he district court should have accepted as true the statement in [plaintiff's] complaint that he actually received his EEOC right-to-sue notice on December 13, 2010 (as opposed to December 10, 2010, which was the presumed date of receipt following the December 7, 2010 issuance of that notice).").

In this case, Plaintiff alleges that he received the EEOC's Notice of Right to Sue on August 20, 2018. (Doc. 1, at 6.) Therefore, Plaintiff's Complaint was due on November 19, 2018 (November 18, 2018 being a Sunday). *See* Fed. R. Civ. P. 6(a)(1)(c) ("[I]nclude the last day of the period, but if the last day is a [] Sunday . . . the period continues to run until the end of the next day that is not a [] Sunday."). Because Plaintiff's complaint was not filed until November 20, 2018, the Complaint is untimely. *See, e.g.*, *Ko v. JP Morgan Chase Bank, N.A.*, 730 F. App'x 62, 64 (2d Cir. 2018) (affirming dismissal of action filed ninety-two days after receipt of notice of right to sue); *Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) (dismissing action filed ninety-seven days after receipt); *Al Tech Specialties Steel Corp.*, 731 F.2d at 146 (dismissing action filed ninety-seven days after receipt, and stating "the court cannot extend the limitations period by even one day"); *Legrá v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, No. 14-cv-9245 (JGK), 2016 WL 6102369, at *2 (S.D.N.Y. Oct. 19, 2016) (dismissing complaint filed ninety-five days after receipt of notice of right to sue).[2]

---

[2] Plaintiff mailed his Complaint to the Pro Se Intake Unit on November 19, 2018, using FedEx Priority Overnight mail, (Doc. 1, at 74), and the Pro Se Intake Unite received the mailing on November 20, 2018, (*id.*). For non-

5

Because Plaintiff's complaint was not timely filed, I must consider whether sufficient grounds exist to equitably toll the filing deadline. "When determining whether equitable tolling is applicable, a district court must consider whether [a plaintiff] . . . has 'acted with reasonable diligence during the time period she seeks to have tolled' and must prove that the circumstances are so extraordinary that the doctrine should apply." *Ko*, 730 F. App'x at 64 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). "One who fails to act diligently cannot invoke equitable principles to excuse [a] lack of diligence." *Id.* (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Here, Plaintiff has not demonstrated that he acted diligently during the relevant time period, or that the circumstances are so extraordinary as to warrant equitable tolling. Indeed, Plaintiff has offered no explanation for his untimeliness in filing the Complaint, and has not even opposed Defendant's arguments regarding his untimeliness. *See Ko*, 730 F. App'x at 64 ("Ko has not demonstrated that she acted diligently during the ninety-day time period . . . and [] provides no

---

incarcerated pro se plaintiffs, "the date a complaint is 'filed' is governed by the Federal Rules of Civil Procedure." *Forbes v. City of New York*, No. 1:15-cv-3458-GHW, 2016 WL 6269602, at *2 (S.D.N.Y. Oct. 26, 2016). Rule 3 provides that a "civil action is commenced by filing a complaint with the court," and Rule 5 states that "[a] paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 3; Fed. R. Civ. P. 5(d)(2). Although the Second Circuit has adopted a mailbox filing rule for incarcerated pro se litigants, *see Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994), it has stated that "a non-incarcerated . . . litigant has *absolute* control over whether to hand-deliver a document to the court rather than submit to the uncertainties of the mails," *Walker v. Jastremski*, 430 F.3d 560, 563 n.3 (2d Cir. 2005). Therefore, the Clerk of Court properly deemed Plaintiff's complaint to be "filed" on November 20, 2018, when it was delivered to the Clerk, as opposed to November 19, 2018, when it was mailed. *See United States v. White*, 980 F.2d 836, 845 (2d Cir. 1992) (recognizing that filing requires delivery of papers into the actual custody of the Clerk of the Court); *see also Warren v. Sawyer*, No. 9:15-CV-0591 (GTS/DEP), 2016 WL 1558460, at *4 (N.D.N.Y. Apr. 15, 2016), *aff'd*, 691 F. App'x 52 (2d Cir. 2017) ("[B]ecause plaintiff was not a prisoner at the time he filed this action, he is not entitled to the benefit of the prison mailbox rule. Accordingly, plaintiff's complaint was filed when received by the Clerk of the Court."); *Pickering-George v. Cuomo*, No. 1:10-CV-0771 GTS/DEP, 2011 WL 1832560, at *4 n.7 (N.D.N.Y. May 12, 2011) ("The Court notes that, although Plaintiff's motion was dated (and mailed to the Clerk's Office on) December 21, 2010, that date is not deemed to be the date of 'filing,' because Plaintiff (a non-prisoner at the time) was not entitled to the 'Prison Mailbox Rule.'"); *Kelly v. Lohan*, No. 08 CV 2205 (JG)(ARL), 2008 WL 4693317, at *2 n.5 (E.D.N.Y. Oct. 23, 2008) ("Regardless of when the Kellys may have mailed their complaint to the court, it is deemed filed on May 30, 2008, the day on which it was received and file-stamped by the Clerk. *See* Fed. R. Civ. P. Rules 3 and 5(d)(2). Neither the Federal Rules of Civil Procedure nor the local rules of this court authorize proper filing to be accomplished by merely depositing the complaint in the mail.").

authority suggesting that equitable tolling should be granted for alleged delays in the mail service. We conclude, therefore, that the district court did not abuse its discretion in declining to grant equitable tolling to excuse Ko's untimely complaint." (internal citation omitted)); *Al Tech Specialties Steel Corp.*, 731 F.2d at 146 n.1 (stating that a court need not consider a pro se plaintiff's excuse for delay if the pro se plaintiff "refuse[s] to substantiate it.").

### B. *State and City Claims*

In light of my dismissal of Plaintiff's federal claims, I decline to exercise supplemental jurisdiction over Plaintiff's New York State and New York City Human Rights Law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Second Amended Complaint is GRANTED. The Clerk of Court is directed to terminate the open motion at Document 15 and to close this case. Defendant is directed to mail a copy of this Opinion & Order to the pro se Plaintiff, and docket proof of the mailing.

SO ORDERED.

Dated: March 30, 2020
     New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge